UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

MAXWELL DRY CLEANERS,
and PAOCHI PROPERTIES, LLC,

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, hereby sues Defendant, Maxwell Dry Cleaners, and Defendant, Paochi Properties, LLC, for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.  Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.  Defendant, Maxwell Dry Cleaners, and Defendant, Paochi Properties, LLC, are conducting business within the State of Florida and within the jurisdiction of this court.

Gonzalez v. Maxwell Dry Cleaners
Complaint for Injunctive Relive

## PARTIES

4. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Maxwell Dry Cleaners, is a private business entity operating as a "Dry Cleaner - Laundry", located at 1689 SW 27th Ave, Miami, FL 33145, which upon information and belief is owned and operated by Richard Diaz. Defendant, Maxwell Dry Cleaners, is not registered business with the State of Florida or Miami-Dade County though it is operating as a business within Miami Dade County. Defendant, Maxwell Dry Cleaners, is also referred hereto as "Operator," or "Lessee".

6. Defendant, Paochi Properties, LLC., is a Florida limited liability company which is the owner of commercial real property identified as Folio: 01-4110-002-2690, with the post address of 1689 SW 27th Ave, Miami, FL 33145, United States, Florida, which is built out as the Maxwell Dry Cleaners, and referred hereto as "Owner," or "Lessor."

## FACTS

7. At all times material hereto, Defendant, Maxwell Dry Cleaners, is a dry cleaner providing laundry services located at 1689 SW 27th Ave, Miami, FL 33145, which is open to the general public. As such, by definition under the relevant statutes and regulations, the Maxwell Dry Cleaners, is a place of public accommodation pursuant to 42 U.S.C. Section 12181(7)(F) as a "laundromat" and 28 CFR 36.201(a) and 36.104(6). Defendant, Maxwell Dry Cleaners, which

is the subject to this action is also referred hereto as "Maxwell Dry Cleaners" or "Subject Property".

8. At all times material hereto, Defendant, Paochi Properties, LLC, has leased its commercial property to Defendant, Maxwell Dry Cleaners who in turn has operated (and continues to operate) its dry cleaner within that leased space.

9. As the owner and operator of the Maxwell Dry Cleaners which is open to the public, Richard Diaz is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a laundromat; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

10. On June 14, 2023, Plaintiff personally visited the Maxwell Dry Cleaners, to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant, Maxwell Dry Cleaners, by and through its owner and operator Richard Diaz, and by the owner of the commercial property which houses the Maxwell Dry Cleaners Defendant, Paochi Properties, LLC.

12. Richard Diaz, as the owner and operator of a public accommodation, and the need to provide for equal access to all areas of its facility. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

Gonzalez v. Maxwell Dry Cleaners
Complaint for Injunctive Relive

13. As the owner of commercial property which built out and utilized as store an establishment that provides goods/services to the general public, Defendant, Paochi Properties, LLC, is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14. As the owner of commercial property, which is built as public accommodation, Paochi Properties, LLC, is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16. Plaintiff continues to desire to patronize the Maxwell Dry Cleaners, located at the commercial property owned by Paochi Properties, LLC, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17. Any and all requisite notice has been provided.

18. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

21. Prior to the filing of this lawsuit, Plaintiff personally visited the Maxwell Dry Cleaners with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22. Defendant, Maxwell Dry Cleaners, and Defendant, Paochi Properties, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodation and services offered at Maxwell Dry Cleaners.

24. Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. Defendant, Paochi Properties, LLC, commercial property, which houses Defendant, Maxwell Dry Cleaners, is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, Maxwell Dry Cleaners, (operator) and Defendant, Paochi Properties, LLC, (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant, Maxwell Dry Cleaners (lessee) and Defendant, Paochi Properties, LLC, (owner/lessor) (jointly and severally). Plaintiff had difficulty perambulating into the business and using the main entrance, as the main door has a change in level. Because the door has a vertical change in the level at the door threshold, this is a of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in

        height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained in the instant case.

ii.    As Defendant, Maxwell Dry Cleaners (lessee) and Defendant, Paochi Properties, LLC, (owner/lessor) (jointly and severally), The entrance door only has a step to access the business. This entrance is inaccessible and does not have signage posted indicating the location of an accessible entrance. This is a violation of Section 216.6 of the 2010 ADA Standards. The step represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters, and is in violation of 28 C.F.R. Part 36, Section 4.7; and Section 206.2.1 and 206.4 of the 2010 ADA Standards for Accessible Design.



**Gonzalez v. Maxwell Dry Cleaners**
**Complaint for Injunctive Relive**

30. Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA as to Defendant, Maxwell Dry Cleaners, (lessee) and Defendant, Paochi Properties, LLC, (owner/lessor) (jointly and severally). Pursuant to 42 U.S.C. §12101 *et seq*., and 28 C.F.R. §36.304, the Defendants are required to make the Maxwell Dry Cleaners commercial space, located at 1689 SW 27 Avenue, Miami FL 33145, accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the Maxwell Dry Cleaners therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Paochi Properties, LLC, (owner of the commercial property) and Defendant, Maxwell Dry Cleaners (lessee of the commercial property and operator of Maxwell Dry Cleaners located therein), and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Maxwell Dry Cleaners located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

**Gonzalez v. Maxwell Dry Cleaners**
**Complaint for Injunctive Relive**

    e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on July 6, 2022.

>By: */s/ J. Courtney Cunningham*
>J. Courtney Cunningham, Esq.
>FBN: 628166
>J. COURTNEY CUNNINGHAM, PLLC
>8950 SW 74th Court, Suite 2201
>Miami, Florida 33156
>Telephone: 305-351-2014
>cc@cunninghampllc.com
>legal@cunninghampllc.com
>
>*Counsel for Plaintiff*